IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CGI FINANCE, INC. | : |
|     Plaintiff, | : |
| v. | :     Case No. 13-00156-WDQ |
| DAVID A. LUCE, et al. | : |
|     Defendants. | : |

**REPORT AND RECOMMENDATION**

This Report and Recommendation addresses the Motion for Default Judgment ("Motion") filed by Plaintiff, CGI Finance, Inc. ("CGI"), against Defendants, David A. Luce and Andrew D. Neilan (collectively "Defendants"). ECF No. 9. Defendants have not filed a response, and the time for doing so has passed. *See* Loc. R. 105.2.a. On July 2, 2013, in accordance with 28 U.S.C. § 636 and Local Rule 301, Judge Quarles referred this case to me for a report and recommendation on CGI's Motion for Default Judgment. ECF No. 11. I find that a hearing is unnecessary in this case. *See* Fed. R. Civ. P. 55(b)(2); Loc. R. 105.6. For the reasons set forth below, I respectfully recommend that the Plaintiff's Motion for Default Judgment be GRANTED.

**I.  FACTUAL AND PROCEDURAL HISTORY**

    **A.  Factual Background**

On July 2, 2003, Defendants purchased a 2000 Intrepid 356 CC 35'6" powerboat named the "Take Over" ("the Vessel") and, in doing so, financed their purchase with American Bank by a Marine Note and Security Agreement ("the Note") in the principal amount of $145,059.00 with interest at the rate of 5% per annum. ECF No. 9-3. Under the terms of the Note, Defendants were to make 240 monthly payments of $957.60 beginning on August 1, 2003. *Id.* In order to

secure this Note, Defendants executed and delivered to American Bank a "First Preferred Mortgage of Vessel." ECF No. 9-4. Pursuant to 46 U.S.C. § 31322, American Bank obtained a "preferred mortgage" on the Vessel.

On December 28, 2007, American Bank assigned all of its interest in the Vessel, including the Marine Note and Security Agreement and the Preferred Mortgage, to CGI. ECF Nos. 9-5 & 9-6. Defendants defaulted under the terms of the agreement by failing to make their payments. ECF No. 9-2. On October 4, 2011, Defendants executed a Loan Modification Agreement with CGI that reduced the monthly payments for twelve months and also re-amortized the loan based on the then-current principal balance. ECF No. 9-7.

On June 1, 2012, after Defendants defaulted under the terms of the Loan Modification Agreement, CGI gave notice to Defendants of its intention to repossess the Vessel. ECF No. 9-8. After no response from Defendants, CGI repossessed the Vessel on June 26, 2012. ECF No. 9-2, ¶ 12.[1]

On July 3, 2012, CGI provided Defendants with notice of the repossession, as well as notice of the $104,753.97 balance due under the Loan Modification Agreement. ECF No. 9-9. This amount included principal, interest, late charges, and repossession costs. *Id*. On August 21, 2012, CGI sold the Vessel at auction for $42,001.00. *Id*. By letter dated August 29, 2012, CGI provided Defendants with an accounting of the sale of the Vessel under the terms of the agreement between the parties. ECF No. 9-11. The letter indicated that the total remaining deficiency balance was $72,491.02. *Id*. Adding per diem interest through August 27, 2012, the

---

[1] This Affidavit states that the repossession of the Vessel occurred on June 26, 2013 and the private sale of the Vessel occurred on August 24, 2013. ECF No. 9-2, ¶¶ 12 & 14. Given the impossibility of those dates (i.e., August 24, 2013 has yet to occur), the Court takes judicial notice of the correct year – 2012 - and will not require Plaintiff to submit an amended Affidavit. In addition, the Seller's Closing Statement reflects that the sale of the Vessel occurred in August 2012. ECF No. 9-10 at 3.

total amount due was $73,096.77. *Id*. On or about September 12, 2012, CGI received a prorated insurance premium refund in the amount of $713.00. ECF No. 9-12. This refund offset the Defendants' delinquency, reducing the total deficiency to $71,778.02. ECF No. 9-2.

As of June 25, 2013, CGI alleged that it is entitled to $75,357.09. This amount is comprised of the deficiency balance of $71,778.02 plus interest in the amount of $3,579.07 that accrued at $9.83 per diem (364 days) since the Vessel's repossession on June 26, 2012. ECF No. 9-2, ¶ 18.

### B. Procedural History

On January 14, 2013, CGI filed a Complaint, in Admiralty, alleging a breach of contract against Defendants. ECF No. 1; *see* 46 U.S.C. § 31325(b)(2)(A). CGI attached the following to the Complaint: a copy of the Note, (ECF No. 1-4); the mortgage document (ECF No. 1-5); the loan assignment document from American Bank to CGI (ECF No. 1-6); the mortgage assignment document from American Bank to CGI (ECF No. 1-7); the Loan Modification Agreement (ECF No. 1-8); CGI's pre-repossession notice to the Defendants (ECF No. 1-9); CGI's post-repossession notice to the Defendants (ECF No. 1-10); and an accounting spreadsheet (ECF No. 1-10). In the Complaint, CGI sought judgment against the Defendants "in the amount of $73,096.77, plus interest accruing at the per diem rate of $9.93 as of August 29, 2012, post-judgment interest, attorneys' fees, costs, and expenses." ECF No. 1 at 5.

On January 19, 2013, both Defendants were properly personally served by private process server. ECF Nos. 4, 5. Defendants did not file an Answer. On May 14, 2013, Judge Quarles entered an Order directing CGI to file a motion for entry of default by the Clerk and a motion for default judgment or, alternatively, to provide the Court with a report as to why such motions would be inappropriate. ECF No. 6. CGI failed to do so. On June 19, 2013, Judge Quarles entered another Order granting CGI an additional ten days to respond to the May 14,

2013 Order, or the case would be dismissed. ECF No. 7. On June 25, 2013, CGI filed its Motion for Clerk's Entry of Default. ECF No. 8. On June 27, 2013, CGI filed this Motion for Default Judgment with attachments. On July 2, 2013, the Clerk entered an Order of Default as to the Defendants. ECF No. 10.

## II. LEGAL ANALYSIS

### A. Standard for Entry of Default Judgment

In determining whether to award a default judgment, the court accepts as true the well-pleaded factual allegations in the complaint as to liability. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780-81 (4th Cir. 2001); *United States ex rel. Durrett-Sheppard Steel Co. v. SEF Stainless Steel, Inc.*, No. RDB-11-2410, 2012 WL 2446151, at *1 (D. Md. June 26, 2012). Nonetheless, the court must consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law. *United States v. Redden*, No. WDQ-09-2688, 2010 WL 2651607, at *2 (D. Md. June 30, 2012) (citing *Ryan*, 253 F.3d at 790). Although the Fourth Circuit has a "strong policy that cases be decided on the merits," *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993), default judgment "is appropriate when the adversary process has been halted because of an essentially unresponsive party." *S.E.C. v. Lawbaugh*, 359 F.Supp.2d 418, 421 (D. Md. 2005). If the court determines that liability is established, the court must then determine the appropriate amount of damages. *CGI Finance, Inc., v. Johnson*, No. ELH-12-1985, 2013 WL 1192353, at *1 (D. Md. March 21, 2013). The court does not accept factual allegations regarding damages as true, but rather must make an independent determination regarding such allegations. *Durrett-Sheppard Steel Co.*, 2012 WL 2446151 at *1.

Rule 55 of the Federal Rules of Civil Procedure establishes the Court's legal framework for resolving this matter. "If, after entry of default, the Plaintiff's Complaint does not specify a

4

'sum certain' amount of damages, the court may enter a default judgment against the defendant pursuant to Fed. R. Civ. P. 55(b)(2)." *Id*. A plaintiff's assertion of a sum in a complaint does not make the sum "certain" unless the plaintiff claims liquidated damages; otherwise, the complaint must be supported by affidavit or documentary evidence. *United States v. Redden*, No. WDQ-09-2688, 2010 WL 2651607, at *2 (D. Md. June 30, 2012). Rule 55(b)(2) provides that "the court may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to . . . determine the amount of damages." The court is not required to conduct an evidentiary hearing to determine damages, however; it may rely instead on affidavits or documentary evidence in the record to determine the appropriate sum. *See, e.g.*, *Mongue v. Portofino Ristorante*, 751 F. Supp. 2d 789, 795 (D. Md. 2010).

**B.    Liability**

Plaintiff brings this suit under 46 U.S.C. § 31325(b)(2)(A) to enforce a claim of outstanding indebtedness on the mortgage Defendants secured for the Vessel. This court has admiralty jurisdiction pursuant to 28 U.S.C. § 1333 and Fed. R. Civ. P. 9(h). I have reviewed Plaintiff's Complaint and find that Plaintiff has stated a cause of action based on Defendants' breach of the Loan Modification Agreement and Preferred Mortgage of Vessel. The record shows that Plaintiff sent Defendants notice of its intention to repossess the Vessel (ECF No. 9-8), notice of its repossession and intention to auction the Vessel (ECF No. 9-9), and notice of the Vessel's final sale and Defendants' remaining deficiency balance (ECF No. 9-10). Defendants did not object to the information contained in those notices. Further, Defendants failed to respond after they were personally served the Complaint on January 19, 2013 (ECF Nos. 4 & 5) and after the Clerk entered default on July 2, 2013 (ECF No. 10). Accordingly, all of the Plaintiff's allegations — other than those pertaining to damages — are deemed admitted. *See* Fed. R. Civ. P. 8(b)(6); *Ryan*, 253 F.3d at 780 (4th Cir. 2001). Because Plaintiff has stated a

legitimate cause of action for breach of contract, I find that Plaintiff is entitled to a default judgment against the Defendants.

### C. Damages

Having determined that Plaintiff has established liability, it is now appropriate to determine the damages to which Plaintiff is entitled. I have reviewed the documents attached to Plaintiff's Complaint, as well as to the Plaintiff's Motion for Entry of Default Judgment, and I find that Plaintiff is entitled to recover Defendants' outstanding balance on the Marine Note and Security Agreement and Preferred Mortgage. The balance comes to $75,357.09. This amount includes the reduced deficiency amount of $71,778.02 (after the insurance premium refund of $713.00), which covers the unpaid principle balance, interest accrued prior to repossession, late charges, and fees incurred during repossession and as a result of sale. ECF Nos. 9-10 & 9-11. This amount also includes $3,579.07 of interest that accrued at a rate of 5% annum from the date of the repossession to the date of the Motion ($9.83 per diem x 364 days). ECF Nos. 1-4 & 1-11. I conclude that Plaintiff's request for $75,357.09 is supported by the documentary evidence in the record and recommend that this request be GRANTED.

Plaintiff also requests post-judgment interest, and I recommend that this request also be GRANTED, pursuant to 28 U.S.C. § 1961. *See CGI Finance, Inc,.* 2013 WL 1192353 at *2 (citing *Quesinberry v. Life Ins. Co. of N. Am.*, 987 F.2d 1017, 1031-32 (4th Cir. 1993) (declaring that federal law requires post-judgment interest to be awarded on the entire amount of the judgment)). Although Plaintiff claimed to be entitled to attorney's fees in its Motion, Plaintiff did not submit a motion for attorney's fees and subsequently informed the Court that it is no longer seeking attorney's fees in the default judgment. ECF No. 13. Thus, the Court finds no need to address the matter.

### III. CONCLUSION

In sum, I recommend that:

1. The Court grant Plaintiff's Motion for Entry of Default Judgment (ECF No. 9);

2. The Court award Plaintiff $75,357.09 in damages, which includes the deficiency balance plus post-repossession interest until the date of the Motion;

3. The Court award Plaintiff post-judgment interest at the statutory rate.

I also direct the Clerk to mail a copy of this Report and Recommendation to Defendants at the addresses listed on Plaintiff's Complaint. ECF No. 1.

Any objections to this Report and Recommendation must be served and filed within fourteen (14) days, pursuant to Fed. R. Civ. P. 72(b) and Local Rule 301.5.b.

August 6, 2013  
Date

/s/  
Timothy J. Sullivan  
United States Magistrate Judge